## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMANDA MOORE, )<br>f/k/a AMANDA ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REGENT ASSET MANAGEMENT )<br>SOLUTIONS, INC., and LAW OFFICES )<br>OF D. SCOTT CARRUTHERS, )<br>)<br>Defendants. ) | CASE NO. 4:09-CV-01793<br><br>**JURY TRIAL DEMANDED** |

### ANSWER OF DEFENDANTS REGENT ASSET MANAGEMENT SOLUTIONS, INC. AND LAW OFFICES OF D. SCOTT CARRUTHERS TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Regent Asset Management Solutions, Inc. ("Regent") and Law Offices of D. Scott Carruthers ("Carruthers") (collectively referred to as "Defendants") and, for their Answer to the Complaint filed by Plaintiff, admit, deny, and aver as follows:

### I.   PRELIMINARY STATEMENT

1. Defendants deny paragraph 1.

### II.   JURISDICTION

2. Paragraph 2 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

### III.   PARTIES

3. Defendants are without knowledge or sufficient information with which to admit or deny the allegations in paragraph 3, and therefore deny the same.

4. Defendants admit that part of Regent's business relates to the recovery of debts in the State of Missouri. Defendants further admit that Regent is incorporated in the State of Colorado, but deny the remaining allegations in paragraph 4.

OM 49604.1

5. Defendants admit that part of Carruthers' business relates to the recovery of debts in the State of Missouri. Defendants further admit that Carruthers' principal place of business is located in the State of California, but deny the remaining allegations in paragraph 5.

6. Defendants deny paragraph 6.

7. Defendants deny paragraph 7.

8. Paragraph 8 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

9. Paragraph 9 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

10. Paragraph 10 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

### IV.     ALLEGATIONS

### COUNT I:  AMANDA MOORE f/k/a AMANDA ANDERSON V. REGENT ASSET MANAGEMENT SOLUTIONS, INC.

11. Paragraph 11 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1 through 10 as if fully set forth herein.

12. Defendants deny paragraph 12.

13. Defendants deny paragraph 13.

14. Defendants deny paragraph 14.

15. Defendants deny paragraph 15.

16. Defendants deny paragraph 16.

17. Defendants deny paragraph 17.

18. Defendants deny paragraph 18.

19. Defendants deny paragraph 19.

...

20. Defendants deny paragraph 20.

21. Defendants deny paragraph 21.

22. Defendants deny paragraph 22.

23. Defendants deny paragraph 23.

24. Defendants deny paragraph 24.

25. Defendants deny paragraph 25.

26. Defendants deny paragraph 26.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28.

29. Defendants deny paragraph 29 and its subparts.

30. Defendants deny paragraph 30.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendants' attorneys' fees.

## COUNT II: AMANDA MOORE f/k/a AMANDA ANDERSON V. LAW OFFICE OF D. SCOTT CARRUTHERS

31. Paragraph 31 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1 through 30 as if fully set forth herein.

32. Defendants deny paragraph 32.

33. Defendants deny paragraph 33.

34. Defendants deny paragraph 34.

35. Defendants deny paragraph 35.

36. Defendants deny paragraph 36.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38 and its subparts.

39. Defendants deny paragraph 39.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendants' attorneys' fees.

## JURY TRIAL DEMAND

40. Paragraph 40 contains a demand for a trial by jury on all triable issues; likewise, Defendants demand a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel because Plaintiff has failed to timely assert her claims.

3. Defendants acted in good faith with reasonable grounds to believe that their actions were not in violation of law, including the FDCPA, the actions were unintentional, and/or were the result of a bona fide error as defined in the FDCPA.

4. Defendants did not act in willful disregard of any requirements of any law.

5. Plaintiff's claims may be barred, in whole or in part, to the effect that Plaintiff failed to mitigate her damages, the existence of which damages Defendants specifically deny.

6. Plaintiff is not entitled to actual or statutory damages under the FDCPA because any alleged violation by Defendants, which Defendants specifically deny, would be *de minimis* or inconsequential.

7.     To the extent it is determined that Defendants violated the FDCPA, which Defendants specifically deny, any award of attorney's fees would be improper because any such violation would be *de minimis* or inconsequential.

8.     Defendants expressly reserve the right to add further affirmative defenses as litigation and discovery of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendants' attorneys' fees.

>                           REGENT ASSET MANAGEMENT
>                           SOLUTIONS, INC., and LAW OFFICES
>                           OF D. SCOTT CARRUTHERS, Defendants
>
> By:    s/ Patrick T. McLaughlin
>        Patrick T. McLaughlin, #93767
>        SPENCER FANE BRITT & BROWNE, LLP
>        1 North Brentwood Boulevard, Suite 1000
>        St. Louis, MO 63105-3925
>        (314) 863-7733
>        (314) 862-4656(FAX)
>        pmclaughlin@spencerfane.com
>        Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, with notice of case activity generated and sent electronically this 16th day of December, 2009, to:

Larry P. Smith
LARRY P. SMITH & ASSOCIATES, LTD.
205 N. Michigan Avenue, 40th Floor
Chicago, IL 60601
lsmith@smithlaw.us

>                           s/ Patrick T. McLaughlin